UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------X

JOSHUA ADAM SCHULTE;

                        Plaintiff,

- against -

WARDEN OF METROPOLITAN DETENTION
CENTER (MDC),

                        Defendant.

**DECLARATION OF ATTORNEY JOHN WALLACE**

Civil Action No. 22-CV-766

(Komitee, J.)

------------------------------------X

      JOHN WALLACE declares pursuant to 28 U.S.C. § 1746, under penalty of perjury, that the following is true and correct:

      1.    I am employed by the Federal Bureau of Prisons (BOP) as an attorney at the Metropolitan Detention Center (MDC) in Brooklyn, New York. I have been an attorney for the BOP since 2003. The statements I make in this declaration are based on my review of official files and records of the BOP, my own personal knowledge, or on the basis of information acquired by me through the performance of my official duties. To perform my duties, I access records regarding federal prisoners that are maintained in the ordinary course of the BOP's business of operating the nation's federal prisons. This information includes—but is not limited to—documentary records, Judgment and Commitment files, BOP Program Statements, and computerized records maintained in the BOP's computerized database, SENTRY.

      2.    I am aware that inmate Joshua Adam Schulte, Federal Reg. No. 79471-054, has filed the above-captioned 28 U.S.C. § 2241 habeas petition challenging the conditions of his confinement at MDC Brooklyn. He states that he is enduring violations of the First, Fourth, Fifth, Sixth and Eighth Amendments. He asks the Court for relief from his unconstitutional

conditions of confinement.

3. A review of Schulte's administrative grievances shows that Schulte has not exhausted his administrative remedies with regard to any of the many issues that he raises in the habeas petition.

4. The BOP's Administrative Remedy Program (codified at 28 C.F.R. § 542, Subpart B) is a three-tiered formal process that is available to inmates for review of any issue which relates to any aspect of their confinement. 28 C.F.R. § 542.10. An inmate must initially attempt to informally resolve issues with institutional staff. 28 C.F.R. § 542.13(a). If informal resolution fails or is waived, an inmate may submit a formal, BP–9, Request within 20 days of the date on which the basis for the Request occurred, or within any extension permitted. 28 C.F.R. § 542.14. An inmate who is dissatisfied with the Warden's response to his BP–9 Request may submit a BP–10 Appeal to the Regional Director of the BOP within 20 days of the date the Warden signed his or her response. *See* 28 C.F.R. § 542.15(a). The inmate may then appeal to the BOP's General Counsel on a BP–11 form within 30 days of the day the Regional Director signed the response. *See id.* Appeal to the Office of the General Counsel (OGC) is the final administrative appeal. *See id.* If responses are not received by the inmate within the time allotted for reply, "the inmate may consider the absence of a response to be a denial at that level." 28 C.F.R. § 542.18.

5. One function of SENTRY is that it contains a complete history of administrative remedy filings made by a federal inmate. This includes filings an inmate might make while incarcerated at any BOP facility, and it shows whether an inmate has filed his requests for a remedy with the Warden, the Regional Office, or the Office of General Counsel. It also shows whether a grievance was addressed on the merits and whether a grievance was rejected for

matters of form. Administrative remedy submissions in SENTRY are identified first by a case number; then by an alphabetic designation that shows where the grievance was filed. For example, a grievance filed at the institutional level bears the letter "F." A Regional-Office appeal is denoted by the letter "R," and the final appeal, to the Office of General Counsel, is denoted by the letter "A." If an appeal was rejected, the letters "REJ" mark that. An inmate complaining of conditions that could be reasonably characterized as ongoing or chronic has no limit on resubmission following a rejection. *See* 28 C.F.R. § 542.17(a-b).

6. My review of Schulte's administrative remedy filing history shows he has filed a total of fifty-five (55) requests for administrative relief while in federal custody. Exhibit PR15, "Administrative Remedy Generalized Retrieval" Report. Schulte was transferred from MCC New York to MDC Brooklyn on 18 October 2021. Exhibit B. Since the transfer to Brooklyn, Schulte has filed eight administrative grievances with the Warden of MDC Brooklyn and four with the Northeast Regional Director. Exhibit C (MDC Brooklyn date restriction). These grievances all concern the conditions of Schulte's confinement in the Special Administrative Measures (SAMS)[1] unit at MDC Brooklyn. Nevertheless, all of these filings were rejected because they did not comply with the regulations (28 C.F.R. § 542.14 (c) (concerning form)) and policy stated in Program Statement 1330.18 ADMINISTRATIVE REMEDY PROGRAM, p. 8 (Jan. 6, 2014). Rejected grievances are returned to the inmate with an explanation of why the filing was not compliant. Title 28 C.F.R. § 542.17(a-b) concerns inmate "Resubmissions," it provides:

> a. Rejections. The Coordinator at any level (CCM, institution, region, Central Office) may reject and return to the inmate without response a Request or an Appeal that is written by an inmate in a manner that is obscene or abusive, *or does not meet any other requirement of this part.*

---

[1] See 28 C.F.R. § 501.2, *et seq.* (concerning national security cases and acts of terrorism).

3

b. Notice. When a submission is rejected, the inmate shall be provided a written notice, signed by the Administrative Remedy Coordinator, explaining the reason for rejection. If the defect on which the rejection is based is correctable, the notice shall inform the inmate of a reasonable time extension within which to correct the defect and resubmit the Request or Appeal.

7. Schulte's grievances have been properly handled in according with regulations. For example, on 10 November 2021, Schulte filed 100690-F1, in which he complained that he need lockers for property storage. On the same day, the administrative remedy coordinator marked the grievance "INF," which translates to "You did not attempt information resolution prior to submission of administrative remedy, or you did not provide the necessary evidence of your attempt at informal resolution." *See* Exhibit D; SENTRY Technical Reference Manual, 1301.02, "Status Reason Table," at p. e-3 (1997). This document is the key to deciphering the SENTRY rejection codes.

8. On 8 February 2022, Schulte filed grievance numbered 1100690-R1 with the Regional Director. He again asked for lockers for property storage. On 9 February 2022, this filing was rejected and the status codes used were "INS OTH." The first codes means, "You must first file a BP-9 request through the institution for the Warden's review and response before filing an appeal at this level." The code "OTH" means see remarks. Exhibit D. The remarks area on the SENTRY readout stated: "YOU DID NOT RECEIVE A RESPONSE TO YOUR BP9 BECAUSE IT WAS REJECTED ON 11-10-21."

9. In his habeas petition, Schulte addresses the question of exhaustion. He states, "Grievances were initially filed on October 26, 2021, and continue to be filed daily. To date, over fifty BP-8s[2] have been filed with the MDC; only 5 have been returned with BP-9 forms. Of those, none have been answered. Accordingly, all available remedies have been exhausted." Petition, p. 17.

---

[2] A "BP-8" is a term used to describe the informal-resolution filing that comes before the three-step formal process.

10. Records reflect that Schulte is partially correct about grievances being returned to him since he has been incarcerated at MDC Brooklyn. Although he states the number of returned grievances is five, records show that the actual number is eight. Exhibit C. Four additional filings have been rejected by the Region. *Id.* Schulte does not address *why* the rejected grievances were returned to him despite the explanations he has received with the return of his rejected filings. With each rejection, Schulte was provided with his rejected grievance and remarks or status codes to help him correct procedural defects and re-file on the same subject matter in a way to receive a decision on the merits. *See* § 542.17(a-b).

Dated: Brooklyn, New York
      March 25, 2022

By: _____
JOHN WALLACE
Attorney
MDC Brooklyn
80 29th Street
Brooklyn, NY 11232