RECEIVED
MAY 31 2022
PRO SE OFFICE

Joshua Adam Schulte, *pro se*

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y

★ MAY 31 2022 ★

BROOKLYN OFFICE

May 10, 2022

**BY HAND**

Judge Eric R. Komitee
United States District Judge
Eastern District of New York
Theodore Roosevelt United States Courthouse
225 Cadman Plaza East
Brooklyn, New York 11201

    RE: *Schulte v. Warden, MDC,* 22 Civ. 766 (EK)

Dear Judge Komitee:

I re-filed my Habeas Reply on May 5, 2022. If the Court has not received it by the time it receives this letter, that makes two copies of my reply that the MDC has destroyed to obstruct this litigation.

I now move for the Court to issue an injunction against the MDC to lift its torture, pending the Court's decision on the habeas petition. "To obtain an injunction from a district court, movants generally bear the burden of showing that (1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) an injunction is in the public interest." *Agudath Israel of Am. v. Cuomo,* 979 F.3d 177, 180 (2d Cir. 2020) (referencing *Winter v. Nat. Res. Def. Council,* 555 U.S. 7, 20 (2008)).

As an initial matter, the "irreparable harm" factor "is the single most important prerequisite," and it strongly urges the Court to grant the injunction. *Faiveley Transp. Malmo AB v. Wabtec Corp.,* 559 F.3d 110, 118 (2d Cir. 2009) (internal quotation marks omitted). I will suffer irreparable harm in the absence of preliminary relief since these conditions of confinement violate, at the very least, the Due Process Clause of the Fifth Amendment, as they are imposed arbitrarily and are unconstitutional punishment imposed upon me as a pretrial detainee for allegations not proved beyond a reasonable doubt at trial. In this circuit, "the alleged violation of a constitutional right triggers a finding of irreparable injury." *Conn. Dep't of Envtl. Prot. v. O.S.H.A.,* 356 F.3d 226, 231 (2d Cir. 2004) (citation omitted); see *Mitchell v.*

*Schulte v. Warden, MDC*, 22 Civ. 766 (EK); May 10, 2022 letter from *pro se* petitioner

since March—about 60 BP-8s. The MDC K-84 Unit Team continues to simply trash my BP-8s, and refuses to provide me BP-9s, 10s, or 11s—blocking me from even attempting to resolve administrative remedies. The Unit Team has also shamelessly obstructed the mail process, blocking my outgoing legal mail and court correspondence for this civil suit. Finally, the Unit Team began retaliating against me by refusing to take me to recreation, law library, or allowing me to place legal calls. Accordingly, the Court should issue the following injunctive relief:

- MDC must promptly record the date and time it receives each BP-8 from me, and provide me with a receipt and copy of the BP-8.
- MDC must respond to all BP-8s, and give BP-9s, 10s, and 11s upon request as required by the BOP Federal Regulations.
- MDC must promptly record the date and time it received outgoing legal mail and court correspondence, and provide me a receipt and copy of the mail.
- MDC must take me out to recreation and law library each and every day upon request as required by the BOP Federal Regulations.
- MDC must allow me to place legal calls

\*\*\*

Accordingly, all four injunction factors are firmly in my favor, and the Court should issue all requested injunctive relief.

Respectfully submitted

Joshua Adam Schulte

4

**B.      Other arbitrary punishment imposed that directly impacts the case**

The Court should also issue an injunction against the MDC regarding the 6 issues discussed in section B.2 of the complaint. Namely, the (i) law library and discovery access, (ii) removal of light switches, (iii) refusal to provide a plastic chair, (iv) 24-7 night vision cameras, (v) commissary restriction, and (vi) solitary confinement. I am very likely to succeed on the merits of these issues as there is absolutely no legitimate governmental objective in imposing these arbitrary restrictions upon me while general population is not so encumbered. Moreover, there is no detriment or cost to the government except (ii), which requires the government to reinstall the light switches in our torture cages. However, this is a very minor adjustment, which was imposed arbitrarily to begin with. Finally, (vi) is easily doable since the entire unit is composed of SAMs inmates. As discussed in the complaint and reply, pretrial SAMs detainees should be treated no differently than other control units in the BOP, such as CMUs.

**C.      Arbitrary denial of any and all entertainment as a form of punishment**

The Court should also issue an injunction against the MDC regarding the 6 issues discussed in section B.3 of the complaint. Namely, the (i) refusal to provide televisions, (ii) ban of the institution's library, (iii) arbitrary restriction of social calls, (iv) arbitrary restriction of social visits, (v) removal of the basketball goal, and (vi) arbitrary shackles. I am very likely to succeed on the merits of these issues as there is absolutely no legitimate governmental objective in imposing these arbitrary restrictions upon me while general population is not so encumbered. Moreover, there is no detriment or cost to the government except (i) and (v). However, the cost of installing televisions and a basketball goal is extremely small, especially considering the unit already contained both before the MDC arbitrarily removed them. Finally, (vi) poses no security issue on the MDC since I am not accused of any violence nor is my SAMs imposed for violence. I have never had any sanctions or infractions.

**D.      Ongoing issues with a retaliatory, incompetent unit team and administrative remedies.**

The Court should also order injunctive relief regarding the retaliatory, incompetent unit team and administrative remedies. The Unit Team still refuses to give me BP-9s for the March BP-8s it finally returned. I note for the Court that the MDC has not responded to a single BP-8

3

since March—about 60 BP-8s. The MDC K-84 Unit Team continues to simply trash my BP-8s, and refuses to provide me BP-9s, 10s, or 11s—blocking me from even attempting to resolve administrative remedies. The Unit Team has also shamelessly obstructed the mail process, blocking my outgoing legal mail and court correspondence for this civil suit. Finally, the Unit Team began retaliating against me by refusing to take me to recreation, law library, or allowing me to place legal calls. Accordingly, the Court should issue the following injunctive relief:

- MDC must promptly record the date and time it receives each BP-8 from me, and provide me with a receipt and copy of the BP-8.
- MDC must respond to all BP-8s, and give BP-9s, 10s, and 11s upon request as required by the BOP Federal Regulations.
- MDC must promptly record the date and time it received outgoing legal mail and court correspondence, and provide me a receipt and copy of the mail.
- MDC must take me out to recreation and law library each and every day upon request as required by the BOP Federal Regulations.
- MDC must allow me to place legal calls

\*\*\*

Accordingly, all four injunction factors are firmly in my favor, and the Court should issue all requested injunctive relief.

Respectfully submitted,

Joshua Adam Schulte

4

Josh Schulte #74471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: 22-CV-766(EK)
P.o. Se. Intale Office
U.S. District Court E.D.N.Y.
225 Cadman Plaza East
Brooklyn, NY 11201

11201-189299

