



U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

May 2, 2023

**By ECF**

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re: *Joshua Adam Schulte v. Warden of Metro. Detention Ctr.*,
       Civ. No. 22-CV-766 (Komitee, J.) (E.D.N.Y.)

Dear Judge Komitee:

  This Office represents Respondent Warden of the Metropolitan Detention Center ("MDC") in the above-referenced action in which Petitioner Joshua Adam Schulte has filed a habeas corpus petition pursuant to 28 U.S.C. § 2241. On April 26, 2023, the Court stated that it is "considering transferring this action to the Southern District of New York [("SDNY")], where [Petitioner's] criminal case is proceeding." *See* Apr. 26, 2023 Minute Entry. Accordingly, the Court directed the Government to file a letter by May 5, 2023 stating its position on the following questions: (1) "May [Petitioner's] Section 2241 petition be transferred to [SDNY] with the government's consent?" (citing *inter alia Rumsfeld v. Padilla*, 542 U.S. 426, 452 (2004)); and (2) "If so, does the government consent to such transfer?" *See* Apr. 26, 2023 Minute Entry. The Government respectfully submits this letter in compliance with that Order, and answers both questions affirmatively for the reasons set forth below.

**I.  Relevant Background**

  **A. The Pending Criminal Matter in SDNY[1]**

  Petitioner is an inmate in the custody of the Federal Bureau of Prisons ("BOP"). Although he is presently incarcerated at the Metropolitan Detention Center, Brooklyn ("MDC"), he is detained in connection with a criminal action pending in the Southern District of New York that implicates theft of national defense information from the Central Intelligence Agency and subsequent transmission of that information to Wikileaks. *See* Superseding Indictment, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. June 18, 2018), ECF No. 47. The Government previously discovered evidence that Petitioner had (among other things) violated a protective order entered in the criminal case by leaking a search warrant to *The New York Times* and *The Washington Post*, encouraged his family members to disseminate the search warrants, and

---

[1] The following section summarizes the contents of the Statement of Facts in the Government's Response to the Order to Show Cause dated March 25, 2023.

smuggled contraband cell phones into the Metropolitan Correctional Center, New York ("MCC")[2] to leak additional classified information to a reporter. Second Superseding Indictment, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. Oct. 31, 2018), ECF No. 68. Accordingly, the U.S. Attorney's Office—in coordination with the Federal Bureau of Investigation and the Department of Justice's Counterintelligence and Export Control Section of the National Security Division— requested the imposition of special administrative measures ("SAMs"). *See* Mot. to Vacate SAMs, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. May 10, 2019), ECF No. 92 at 124-140

On May 10, 2019, Petitioner moved to vacate the SAMs, alleging that they were an unconstitutional punishment and not reasonably necessary to prevent the disclosure of classified information. Mot. to Vacate SAMs, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. May 10, 2019), ECF No. 92. On August 14, 2019, Judge Crotty denied Petitioner's motion except for a modification the SAMs in two limited respects. *See* Order, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. Aug. 14, 2019), ECF No. 127. On June 24, 2021, Petitioner filed a second motion to vacate the SAMs. *See* Letter Mot., *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. June 24, 2021), ECF No. 474. On October 6, 2021, Judge Crotty denied that motion and found that the imposition of SAMs was still warranted. *See United States v. Schulte*, No. 17 Cr. 548, 2021 WL 4733022 (S.D.N.Y. Oct. 6, 2021).

### B. The Instant Habeas Corpus Action

On February 7, 2022, Petitioner filed the instant action and styled it as a habeas corpus petition pursuant to 28 U.S.C. § 2241. *See* ECF No. 1. Petitioner alleged that his "[c]urrent conditions of confinement violate [the] First, Fourth, Fifth, Sixth, and Eighth Amendments." *See* Petition, at 4. However, construed liberally, the complaints contained in the Petition, which are summarized in greater detail below, all appear to raise claims under the Eighth Amendment alone and center primarily on the limitations imposed on an inmate with SAMs. On February 16, 2022, the Court directed the Government to respond to an Order to Show Cause ("OTSC") as to why a writ of habeas corpus should not issue. *See* Feb. 16, 2022 Minute Entry. The Government responded to the OTSC on March 25, 2022, *see* ECF No. 6, and Petitioner replied in support of his petition on May 2, 2022. *See* ECF No. 10.

## II. The Government's Position

### A. Petitioner's § 2241 Petition May Be Transferred to SDNY With the Government's Consent

In response to the Court's first question, the Government states that Petitioner's § 2241 petition may be transferred to SDNY. Although the appropriate respondent in a § 2241 habeas petition is generally the warden of the facility at which the petitioner is incarcerated, the

---

[2] Petitioner was previously incarcerated at MCC in connection with his pending criminal matter. However, in late 2021, the U.S. Department of Justice announced the closure of MCC for repairs, and transferred many inmates detained at MCC to MDC during the pendency of the closure of SDNY's in-district BOP facility. *See, e.g.*, Jonathan Dienst, *MCC, Lower Manhattan Jail Where Jeffrey Epstein Died, Transfers Out All Inmates*, NBC New York, https://www.nbcnewyork.com/news/local/mcc-lower-manhattan-jail-were-jeffrey-epstein-died-transfers-out-all-inmates/3331966/ (Oct. 18, 2021). On October 18, 2021, Petitioner was transferred from MCC to MDC.

2

Government has the power to waive an argument regarding the proper district of confinement because that requirement implicates venue and personal jurisdiction (*not* subject matter jurisdiction). *See, e.g. Gonzalez v. Warden of MCC New York*, No. 12 Civ. 6910 (RWS), 2013 WL 144956 (S.D.N.Y. Jan. 14, 2013) ("The Petitioner here is incarcerated in . . . Florida, not the Southern District of New York. Thus, the appropriate respondent is the warden of that facility, not the warden of [MCC] as named here, and the appropriate jurisdiction is the Middle District of Florida. However, the Government has chosen to waive this jurisdictional objection in order to conserve Governmental and judicial resources.") (citing *Padilla*, 432 U.S. at 456); *Brooks v. United States*, No. 06-cv-1728, 2007 WL 2907332, at *3 n.6 (E.D.N.Y. Oct. 4, 2007) (Sifton, J.) ("Though a petition under § 2241 must usually be brought in the district of confinement, the requirement raises an issue of venue or personal rather than subject-matter jurisdiction, and thus the government may waive objection on this ground.").

In assessing the propriety of a transfer of a § 2241 habeas petition, a court may consider whether the interests of justice and judicial economy would be served. *See Gardner v. Williamson*, No. 3:07cv1788, 2008 WL 1752229, at *6 (M.D. Pa. Apr. 14, 2008). In *Gardner*, the petitioner, who was sentenced in the Eastern District of North Carolina and incarcerated in the Middle District of Pennsylvania, sought review of a BOP-imposed restitution schedule that the petitioner claimed usurped the sentencing court's authority to determine the structure of restitution scheduling. *Id.* at *1. The Middle District of Pennsylvania determined that the Eastern District of North Carolina would be the more appropriate venue for the case because "the [sentencing court] has access to the evidence that led the court to make its sentencing and restitution determination and can best access any witnesses necessary to investigate the case," and thus "[t]he interests of judicial efficiency and economy would best be served by transferring the case" to the sentencing court. *See id.* at *4.

### B. The Government Consents to Such a Transfer

In response to the Court's second question, the Government states that it consents to this action's transfer to SDNY. As noted above, the SAMs that form the basis of Petitioner's habeas action were imposed by SDNY in connection with an ongoing criminal matter (and, indeed, were subject to prior litigation in the criminal action on two separate occasions). As set forth above, and in the Government's Response to the OTSC dated February 16, 2022, the SAMs were specifically imposed to address Petitioner's defiance of a protective order entered by the presiding court in SDNY, and the conduct that led to the imposition of the SAMs led to additional criminal charges in that matter. Also, it is worth noting that Petitioner's ongoing criminal matter (including the basis for and conditions of the SAMs) implicates sensitive national security concerns, the full scope of which would be apparent only to the presiding court in SDNY. In light of the foregoing, the Government respectfully submits that notwithstanding the immediate-custodian rule, SDNY would be a more appropriate venue for this action because that court has "access to the evidence that led the court to" impose the SAMs that gave rise to this § 2241 petition. *Cf. id.* Accordingly, this action's transfer to that venue would further the interests of justice and judicial economy.

Respondent thanks the Court for its consideration of this matter.

> Respectfully submitted,
>
> BREON PEACE
> United States Attorney
>
> By: /s/ *David A. Cooper*
> DAVID A. COOPER
> Assistant U.S. Attorney
> (718) 254-6228
> david.cooper4@usdoj.gov

cc: **By Certified Mail (including copies of unpublished authority under Loc. Civ. R. 7.2)**
Joshua Adam Schulte
Metropolitan Detention Center
PO Box 329002
Brooklyn, NY 11232
Pro se *Plaintiff*