Joshua Adam Schulte,
 Plaintiff,
-vs-
United States of America,
 Defendant,

22-CV-5841-EK-RML

June 6, 2023

RECEIVED IN PRO SE OFFICE
JUN 22 2023

## Motion for Reconsideration

Mr. Schulte moves for reconsideration of the Court's 5/25/23 Order dismissing the case based on the Court's failure to allow Mr. Schulte to file a reply to the government's motion to dismiss, the pending motion for an amended complaint, and the Court's incorrect legal basis. (Did not receive the 5/25 Order until today.)

A. The Court refused to permit Mr. Schulte to file a Reply Brief

The arguments herein would have been articulately addressed in the Reply Brief had the Court permitted one; but, MDC refused to provide him with paper, pens, or stamps — as Mr. Schulte notified the Court and requested relief on deaf ears. Many, many, many times.

Moreover, Mr. Schulte notified the Court that the MDC did not allow him to make copies, and he requested a copy of his Rule 4(a) Motion to reference in his reply — for 6 months; See, e.g. Dkt. 10. The Court never once responded or provided him a copy of his motion.

This Court cannot possibly now dismiss the Rule 4(a) Motion without providing Mr. Schulte with the means and ability to respond.

B. Mr. Schulte filed a Bivens amended complaint

Mr. Schulte filed a Bivens amended complaint that the Court was required by law to consider — this entire action was filed as a Bivens action, but without the illegal search warrants he could not

name the individual agents so he initially sought the search warrants; once obtained, Mr. Schulte filed an amended complaint with the individuals responsible for the illegal searches. The Rule 41(g) motion was only a small portion of the overall case.

The Court should at least reverse and continue with the Bivens complaint. If not Mr. Schulte will simply be forced to spend money to open what is essentially the same case.

C. The Court's Legal Basis is Incorrect

The Court erroneously claimed that Mr. Schulte "has already exercised an adequate remedy at law." Opinion at 4. But this is factually incorrect. Mr. Schulte did seek return of the laptop through the criminal court, but that argument was rejected BECAUSE MR. SCHULTE DID NOT HAVE STANDING TO DO SO. Ergo, it was not ~~committed~~ an actual remedy, let alone *adequate*. See Fed. R. Crim. P. 41(g) ("The motion must be filed in the district where the property was seized"); the laptop was seized in the Eastern District and therefore Mr. Schulte has no legal standing to make the motion in the Southern District as Judge Furman ruled — and hence the reason for this action.

Furthermore, Mr. Schulte also sought the return of OTHER items, not just the laptop; Mr. Schulte clearly sought Rule 41(g) return of notebooks and hard drives — arguments not made nor permissible in the Southern District.

Next ~~~~, Mr. Schulte's requests for replacements or even duplicates of the data do not substitute for the Rule 41(g) RETURN. Return means the government actually RETURNS the data without maintaining a copy. There is currently no adequate remedy at law for Mr. Schulte except through equitable jurisdiction via 41(g).

Finally, as a corollary, Mr. Schulte's requests for the use of a laptop at trial in the SDNY are not the same as 41(g) requests for return of property — the question of whether or not Mr. Schulte has a right to a laptop or not is completely independent of whether or not his SEIZED PROPERTY must be returned. The Second Circuit has held that property can be returned to attorneys/others as "constructive possession" if not otherwise permitted to possess what would otherwise be lawful to possess if not for additional restrictions (i.e. pretrial release, prison, supervised release). Thus, even if the SDNY rules Mr. Schulte is not entitled to copies of his data or access to a laptop, this does NOT preclude the separate relief of return of property; even if Mr. Schulte cannot possess the laptop or data, this does not mean the government can keep illegally seized data — Mr. Schulte has a right through Rule 41(g) and equitable proceedings that the material be returned — through Mr. Schulte's attorney if need be.

D. CONCLUSION

The Court did not provide Mr. Schulte an ability to file a reply to the government's motion to dismiss — if it had it would have realized that (i) Mr. Schulte brought Bivens claims that precludes dismissal of this complaint; (ii) Mr. Schulte sought return of not only the laptop in the Rule 41(g) motion, but clearly requested the return of notebooks and hard drives as well; (iii) Mr. Schulte's request for return of the laptop in the SDNY was not a "previous attempt" rendering this action a "second bite" because Mr. Schulte had no standing to make such an argument — Rule 41(g) requires motions to be made in the district the property was seized; (iv) motions for laptops and materials for use in the SDNY trial do not preclude separate requests for property return. For all these reasons the Court should reconsider its decision.

Respectfully Submitted,
6/6/2023
Josh Schulte



Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: Schulte v. U.S., 22-CV-5B41-EK-RML
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, NY 11201

23-79471-054-0608-M02

NEW YORK NY 100
15 JUN 2023 PM 11 L

11201-183299