RECEIVED IN PRO SE OFFICE

AUG 09 2023

In Re: Joshua Adam Schulte,
Schulte v. Warden, MDC, ZZ-CV-266

Dear Judge Komitee,

Enclosed herein is service of my mandamus petition
in the above captioned case.

Respectfully Submitted,

8/1/23  Josh Schulte

23-_____

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

In re: Joshua Adam Schulte,

Petitioner

PETITION FOR WRIT OF MANDAMUS
TO THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
(Fed. R. App. P. 21)

Joshua Adam Schulte #79471054
Metropolitan Detention Center (MDC)
P.O. Box 329002
Brooklyn, New York 11232

i

# TABLE OF CONTENTS

TABLE OF AUTHORITES......................................ii

I. CERTIFICATE OF INTERESTED PARTIES————————iii

II. RELIEF SOUGHT......................................1

III. ISSUES PRESENTED...................................1

IV. STATEMENT OF THE CASE...........................1

V. STATEMENT OF FACTS...............................2

VI. MANDAMUS IS NECESSARY AND APPROPRIATE————5

A. Courts cannot engage in ping-pong to delay and effectively deny habeas petitions.........................6

B. Courts cannot ignore pro se complaints, "pocket-veto" pretrial habeas petitions, or alltogether deny those too poor to hire an attorney access to the ~~courts~~ justice system——————7
9

VII. CONCLUSION.........................................9

VIII. CERTIFICATE OF COMPLIANCE......................10

IX. CERTIFICATE OF SERVICE............................11

# TABLE OF AUTHORITIES

**Cases**

Cheney v. U.S. District Court,
542 U.S. 367 (2004) . . . . . . . . . . . . . . . . . . . . . 5

McCann v. New York,
77 F.3d 672 (2d Cir. 1996) . . . . . . . . . . . . . . . 6

SEC v. Rajaratnam,
622 F.3d 159 (2d Cir. 2010) . . . . . . . . . . . . . . 5

Stein v. KPMG, LLP,
486 F.3d 753 (2d Cir. 2007) . . . . . . . . . . . . . . 5-6

United States v. Magassouba,
544 F.3d 387 (2d Cir. 2008) . . . . . . . . . . . . . . 6


**Statutes**

28 U.S.C. § 1651(a) . . . . . . . . . . . . . . . . . . . . . 5

# I. CERTIFICATE OF INTERESTED PARTIES

## A. Affected Court Action

The District court action from which this petition arises is

entitled Joshua Adam Schulte v. Warden, MDC, and is proceeding in

the United States District Court for the Eastern District of New York,

Dist. Ct. No. 22-CIV-766-EK-RML.

## B. Petitioner

Petitioner is Joshua Adam Schulte, Plaintiff in the civil action:
Josh Schulte #79471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

## C. Respondent

Respondent is Judge Eric R. Komitee

Respondent is Metropolitan Detention Center (MDC), United States, represented:
David Allen Cooper
United States Attorney's Office for the Eastern District of New York
271-A Cadman Plaza East 7th Floor
Brooklyn, New York 11201

## II. RELIEF SOUGHT

Order the district court that it cannot transfer the case to the Southern District of New York, that it cannot ignore pro se complaints, "pocket veto" pretrial habeas petitions, and _must enter a fair and just ruling in the case within 30 days._

## III. ISSUES PRESENTED

Whether a district court can ignore pro se complaints, "pocket veto" pretrial habeas petitions, and altogether deny those too poor to hire an attorney access to the justice system

## IV. STATEMENT OF THE CASE

Judge Komitee has simply neglected his constitutional duty and ignored Mr. Schulte's pretrial habeas petition for over 18 months; due to the typically short length of pretrial detention and rights of non-sentenced pretrial detainees the petition should have been expedited instead of ignored — which the court would not have done had Mr. Schulte been able to afford an attorney.

## V. STATEMENT OF FACTS

Mr. Schulte filed a petition for writ of habeas corpus for relief from unconstitutional pretrial conditions of confinement imposed by the MDC in his criminal case in the Southern District of New York around the fall of 2021. The government argued that Mr. Schulte cannot file for relief in the Southern District since he was incarcerated in the Eastern District, which the court agreed. See, e.g. U.S. v. Schulte, 17CR548(JMF), Dkt. 617 at 2: "Section 2241(a) limits relief to that which can be granted by 'the district courts--- within their respective jurisdictions,'--- Here, the defendant is not in custody in this district—the MDC is located in the Eastern District of New York." See also 12/20/21 Tr. at 58: "THE COURT:... I could do the same but for one fundamental problem: the law is clear that a section 2241 petition challenging the conditions of confinement must be brought in the district of confinement which, here, is the Eastern District of New York." Accordingly, the court denied the petition, directing Mr. Schulte to the Eastern District of New York.

Mr. Schulte filed his petition in the Eastern Districts which was docketed as 22-766-EK on February 7, 2022. The petition noted several classes of unconstitutional confinement conditions ranging from severe: Dkt 940 at 27-31 reduced food arbitrarily; 24/7 speakers installed in torture cages blasting sounds constantly (which do not exist in general population); 24/7 bright, constant lights (which do not exist in general population); 24/7 exposure to the freezing cold (which do not exist in general population); to moderate: Dkt 410 at 31-40: arbitrary limitation to law library; arbitrary removal of light switches; arbitrary replacement of chairs with dysfunctional concrete stools; arbitrary 24/7 cameras; arbitrary commissary restrictions in violation of federal regulations; solitary confinement; to the arbitrary but less extreme such as refusal to provide televisions that are given to general population; sentenced SAMs inmates at ADX, and which the MDC has over 200 unused televisions in its shuttered East side.

None of these conditions are conceivably related to Mr. Schulte's SAMs or any governmental objective but are arbitrary forms of torture imposed as punishment.

The government filed its opposition on March 25, 2022, Dkt. 6.

Mr. Schulte filed his reply May 13, 2022, Dkt. 11.

Mr. Schulte filed numerous requests for Judge Komitee to enter a ruling, Dkt. 13 (9/22), 14 (12/22), 15 (12/22), 16 (3/23).

On April 26, 2023 Judge Komitee filed a notice that he was contemplating transferring the 2241 petition to the Southern District after ignoring it for a full 12 months and notwithstanding Mr. Schulte's previous petition in the Southern District.

On May 2, 2023, Dkt. 18, the government agreed and consented to transfer of the case to the Southern District.

Mr. Schulte filed several letters objecting to the transfer — a delay tactic and attempt by Judge Komitee to escape his Constitutional duty.

Mr. Schulte filed a final notice for the Court to halt its transfer and enter an order of final judgment on the habeas petition within 30 days or he would seek Mandamus review. The Court never entered any judgment

## VI. MANDAMUS IS NECESSARY AND APPROPRIATE

The common-law writ of Mandamus is codified in the All Writs Act 28 U.S.C. § 1651(a). Mandamus is to be granted "only in 'exceptional circumstances amounting to a judicial usurpation of power, or a clear abuse of discretion.'" SEC v. Rajaratnam, 622 F.3d 159, 169 (2d Cir. 2010) (quoting Cheney v. U.S. Dist. Court, 542 U.S. 367, 380 (2004)). Three conditions must be satisfied: (1) the petitioner must "have no other adequate means to obtain relief;" (2) the petitioner must satisfy "the burden of showing that [its] right to issuance of the writ is clear and indisputable;" and (3) the issuing Court "must be satisfied that the writ is appropriate under the circumstances." Cheney, 542 U.S. at 380-81 (Internal citation omitted).

A defendant may petition this Court for a writ of Mandamus to compel an inattentive district court to make the findings required by law to support the challenged confinement. While the conditions necessary to secure Mandamus relief are not easily met, see Stein v. KPMG, LLP, 486 F.3d

753, 754-60 (2d Cir. 2007), even mandamus denials can be fashioned to encourage prompt action by a district court, see e.g. McCann v. New York, 77 F.3d 672, 673 n.1 (2d Cir. 1996) (noting that district court ruling followed this court's order denying petition for writ of mandamus "without prejudice to renew if the district court failed to rule on his motions within 30 days"). See U.S. v. Magassouba, 544 F.3d 387 (2d Cir. 2008).

A. Courts cannot engage in ping-pong to delay and effectively deny habeas petitions.

Mr. Schulte first sought relief in the Southern District. The government argued that he must file in the Eastern District — and did not give permission to hear the petition in the Southern District. Thus, as Mr. Schulte argued in letters to the court, the government is barred by judicial estoppel from now arguing the opposite — to transfer the case to the Southern District — after already succeeding in its prior argument taking the opposite position — that Mr. Schulte could not transfer to the Southern District.

Furthermore, it would be a manifest injustice to allow courts to continually ping-pong cases back-and-forth between districts, which would result in a petitioner's inability to access the courts and seek legitimate relief.

Finally none of the conditions of confinement relate to Mr. Schulte's SAMs for national security or would allow the Southern District any advantage over the Eastern District in deciding the petition; how does reducing Mr. Schulte's food relate to national security? How is imposing sleep deprivation or extreme cold related to national security? How is denying Mr. Schulte access to snickers or oatmeal in commissary related to national security?

This Court should order the Eastern District to maintain the petition and that it cannot transfer it to the Southern District

B. Courts cannot ignore pro se complaints, "pocket veto" pretrial habeas petitions, or altogether deny those too poor to hire an attorney access to the justice system

If Mr. Schulte had paid an attorney to make the same arguments,

Judge Komitee would not have ignored and neglected this case. The issues here do not involve rocket science: Can the BOP torture people in concentration camps or not? Is arbitrary 24/7 starvation, sleep deprivation, extreme cold, and loud blasting sounds constitutional? Can the BOP violate its own federal regulations to arbitrarily restrict commissary for administrative segregation inmates? Can the BOP refuse to provide SHUs inmates equal access to television as provided general population especially considering the MDC has over 200 unused televisions sitting in its shuttered east building? These are not complicated issues that require 18 months for review.

Judge Komitee is merely ignoring this petition because Mr. Schulte is too poor to pay an attorney to make these same arguments, and hopes to "pocket veto" the petition by waiting out the clock until Mr. Schulte is sentenced and transferred to another facility, rendering the petition moot. But this is a manifest injustice because Mr. Schulte

can not sue for damages, obtain relief, and the issues will persist for the next batch of pretrial detainees — who will never be able to obtain relief.

Accordingly, this Court should order the District Court to enter a fair and just final disposition of the case within 30 days.

## VII. CONCLUSION

Mr. Schulte has no other adequate remedy available except Mandamus — he requested the Court enter judgment for over 18 months and will not have any remedy available if the Court "pocket vetos" the petition until its moot. He has shown that his right to issuance of the writ is clear and indisputable, and appropriate under these circumstances. Accordingly, the court should grant all relief requested herein.

Dated: Brooklyn, New York
August 1, 2023

Respectfully Submitted,
Joshua Adam Schulte, pro se

# VIII. CERTIFICATE OF COMPLIANCE

1. This petition complies with length limitations of Fed. R. App. P. 21(d)(2) because:

it contains less than 30 handwritten pages

Dated: Brooklyn, New York
August 1, 2023

Joshua Adam Schulte

## IX. CERTIFICATE OF SERVICE

I hereby certify that I have served a copy of this Petition, via U.S. mail on Judge Eric R. Komitee, 225 Cadman Plaza East, Brooklyn, New York 11201; and on the United States Attorney for the Eastern District of New York, ATTN: David Cooper, 271-A Cadman Plaza East, 7th Floor, Brooklyn, New York 11201.

Dated: Brooklyn, New York
August 1, 2023

Joshua Adam Schulte






Josh Schulte #79047-054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: Service of mandamus to Judge Eric Komitee /22-CV-786
Pro Se Intake office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn NY 11201