PY3

Judge Eric R. Komitee
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn NY 11201

IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2023 ★
BROOKLYN OFFICE

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 18 2023 ★
BROOKLYN OFFICE

RE: Schulte v. Walden, MDC, 22-CV-766

RECEIVED IN PRO SE OFFICE
SEP 18 2023

Dear Judge Komitee:

I write to update the Court regarding the "padding" issue and to request additional discovery pursuant to Fed. R. Civ. P. 26.

On return from court today I spoke with several senior officers about the supposed padding on the door slots used throughout the night. I was shown a black stripe facing the window and the newly-placed velcro. It appears that the MDC had "attempted" to remedy the issue by adding rubber padding that never contacts the metal edge of the slot, but instead contacts the glass/plastic of the window — essentially negating any effect. The newly added velcro is not placed on top of the padding, but rather on the slot's edge as appropriate to dampen the banging. I showed this to the officers, who should notify staff that their attempts to install rubber padding failed, and that the padding must actually align with the edge of the slot which bangs against the metal door. So, I wanted to notify the Court and the government, that hopefully the government follows through and this issue can finally be resolved.

Most importantly, though, I wanted to request that the court order the government to produce materials in discovery that could provide the Court with more accurate demonstrations of fact. I greatly appreciate the Court's recent quick movement in this case, but through no fault of the Court's — and in fact a byproduct of the very confinement conditions challenged particularly the mail delays — I was never notified of the prior hearings or filings in the case until the surprise conferences where I was ill-prepared to litigate the critical issues. I was very surprised by the government's affidavits as I did not think the government would actually file affidavits that were factually inaccurate and easily proven so.

I note for the court that Mr. Bullock's testimony completely contradicted that of Mr. Mateeo, Dkt 30-3, but instead corroborated my own testimony about the lights; other portions of Mr. Bullock's testimony contradicted himself — 80% of inmates "block" the emergency light that isn't bright, but he works the day shift, not at night; moreover, how can he gauge the brightness of the light with all lights on during the day; he assures the court that all inmates are adequately fed, but he is only directly involved in feeding when the lieutenants are unavailable; etc.

In lieu of relying on unreliable testimony, we should simply go right to the source — these conditions are not in the past, but continuing daily. And indeed, I have the right under Fed. R. Civ. P. 26(b) for relevant discovery that the government is obligated to provide, or in the alternative issue subpoenas pursuant to Rule 45. However, I do have an interest in a speedy resolution of these issues. But as long as the government is going to play games and pretend that everything is legal on K-84 at MDC and that I am just wasting this Court's time, it is necessary for certain information. I therefore request this Court to order the government to promptly produce the following pursuant to Fed. R. Civ. P. 26(b):

1.) All video/audio of my cell since my arrival at MDC from both 24/7 cameras as well as all video/audio of the K-84 unit since my arrival. The government was notified of this litigation years ago and obligated to obtain and retain this footage, and I additionally made multiple preservation requests along with my FTCA Standard Form 95; I anticipate a massive Bivens/FTCA civil complaint paralleling the ongoing civil Bivens/FTCA challenges filed against the MCC in 20 CV 2795 before Judge Gardephe and 21-CV-4042 before Judge Furman. The MCC footage was properly preserved and produced in

both cases. I anticipate the video footage to conclusively refute all of the government's false affidavits and corroborate my own testimony. This Court can watch live video of the bright lights, banging slots, miniscule food, extreme cold, etc.

2.) The creation of pictures/videos of the unit and cells. Since the government will not permit independent evaluation of unit K-B4, the Court should compel a non-BOP government entity to perform the evaluation — pictures of the unit, cells, removal and picture of the light tubes themselves showing the wattage, the cell slots, recreation, and any other necessary areas. In a typical civil suit the defendants would be compelled to allow independent review by the plaintiff, so there should not be any difference here — except that the respondent is a federal prison and so the government itself must perform the review.

That's it. ~~No request~~ Simply two reasonable discovery demands that would definitively resolve the disputed facts before the court. Accordingly, the Court should order the government to comply with these two discovery demands under Rule 26(b) ~~on~~ forthwith.

Respectfully Submitted,

Josh Schulte 9/5/23

Josh Schulte #87471054
MDC
P.O. Box 329002
Brooklyn, NY 11232

ATTN: 22-CV-766
Pro Se Intake Office
U.S. District Court EDNY
225 Cadman Plaza East
Brooklyn, New York 11201

MID-ISLAND NY 117
12 SEP 2023 PM 5 L

11201-183299

