

U.S. Department of Justice

United States Attorney
Eastern District of New York

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 8, 2023

**By ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:    *Joshua Adam Schulte v. Warden of Metro. Detention Ctr.*,
              Civ. Action No. 22-cv-766 (Komitee, J.)

Dear Judge Komitee:

      This Office represents Respondent Warden of the Metropolitan Detention Center ("MDC Brooklyn") in the above-referenced action in which Petitioner Joshua Adam Schulte, who is currently incarcerated at MDC Brooklyn, has filed a habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. The Court held an evidentiary hearing in this matter on September 5, 2023, and directed the parties to submit post-hearing submissions in the form of proposed findings of fact and conclusions of law. *See* Hr'g Tr. 16:3-5; Sept. 5, 2023 Minute Entry. The Government respectfully submitted its proposed findings of fact and conclusions of law in compliance with that directive under separate cover. *See* ECF No. 50.

      Additionally, during the evidentiary hearing, the Court inquired about four discrete matters. First, the Court requested that the Government identify the specific fabric used for the sound-dampening material on the cells in K-84. *See* Hr'g Tr. 130:22-23 ("The Government's going to tell us what the silicon or rubber tape is that deadens the metal on metal sounds."). The Government has secured a declaration from the Facilities Manager identifying the fabric. The Government also notes that Petitioner confirmed in his proposed findings of fact that the installation of new padding has remedied this issue.

      Second, the Court requested that the Government state its position on whether 28 C.F.R. § 541.31(h)(1) has been the subject of litigation or is otherwise actionable. *See* Hr'g Tr. 130:24-131:5 ("The Government's going to tell me whether the regulation that says SAMs inmates have reasonable commissary access . . . has . . . been the subject of any litigation? Does it confer a private right of action? Is it cognizable under the [D]ue [P]rocess [C]lause or the [Eighth] Amendment?"). The Government has been unable to find a single case that interprets this specific regulation. Notably, of the seventeen cases on Westlaw that cite to § 541.31 generally, not a single one addresses § 541.31(h). Nevertheless, it is the Government's position that BOP regulations do not create private causes of action. *See, e.g.*, *Schick v. Apker*, No. 07 Civ. 5775 (SHS) (DF), 2009 WL 2016933, at *7 (S.D.N.Y. Mar. 5, 2009) ("[T]he [BOP] regulations in question do not

explicitly provide for a private right of action, nor is there any indication that Congress intended to create an implied private right of action.") (citing *Hoffenberg v. BOP*, No. 4:03-40226-FAO, 2004 WL 2203479, at *2 (D. Mass. Sept. 14, 2004)). Moreover, even if Petitioner could show a violation of § 541.31(h)(1), this would not necessarily imply an unconstitutional condition of confinement. *See id.* at *8 ("Nor would a violation of the BOP regulations, in and of itself, constitute a constitutional violation . . . . Rather, [p]laintiff would have to be able to plead and ultimately prove that, by imposition of their allegedly restrictive policies, [d]efendants have actually deprived [p]laintiff of a right independently guaranteed to him by the Constitution."). As discussed in more detail in Respondent's Proposed Conclusions of Law, challenges to commissary access are not cognizable under § 2241. *See, e.g.*, *Carter-Mitchell v. Terrell*, No. 12-cv-2361, 2017 WL 375634, at *5 n. 1 (E.D.N.Y. Jan. 26, 2017) (Townes, J.).

Third, the Court asked, in the event of a potential Sixth Amendment issue arising out of Petitioner's alleged mail delays, whether it would be cognizable in a § 2241 proceeding or in the context of his criminal prosecution. *See* Hr'g Tr. 131:10-14 ("My question is to the extent it's a [Sixth] Amendment issue, that is an issue with respect to [Petitioner's] meaningful participation in his upcoming criminal case, is that something cognizable here under the 2241 umbrella or in Manhattan under the criminal case umbrella and why?"). The Government respectfully submits that if a Sixth Amendment violation were to arise, it would be appropriately addressed in the criminal prosecution. At the outset, it is not apparent that a Sixth Amendment violation would be cognizable under § 2241 at all as it does not affect the execution of a sentence. *See Thompson v. Choinski*, 525 F.3d 205, 209 (2d Cir. 2008) ("This court has long interpreted § 2241 is appropriate where a federal prisoner challenges the execution of his sentence . . . ."); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (construing execution of a sentence to include "administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions"). A Sixth Amendment violation would not qualify as a § 2241 category. *See Mendoza v. Thompson*, No. 1:15-cv-00090-DN, 2015 WL 5456187, at *3 (D. Utah Sept. 16, 2015) (finding that a Sixth Amendment challenge was not "an attack on the fact or duration of [petitioner's] custody" and thus not cognizable under § 2241). Moreover, the court presiding over the criminal prosecution has already addressed Petitioner's complaints regarding mail delays in the context of that action (particularly with respect to legal and court mail) and would be more than capable of assessing a renewed challenge to the extent that it implicates the criminal prosecution. *See* Order, *United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. Sept. 23, 2021), ECF No. 515.

Fourth, Petitioner claimed at the hearing that he took photographs of the lighting in his cell and a meal that he was served, which he believes are relevant to this action. The photographs were allegedly taken using a laptop which was seized from Petitioner's cell last year. More specifically, Petitioner stated at the hearing that he believes that the photographs may be stored in an encrypted drive, and not on the laptop itself. *See* Hr'g Tr. 132:4-10. The Court asked the Government whether it would be feasible to retrieve these photographs. *See* Hr'g Tr. 131:23-132:3 ("[T]he Government has the laptop that [Petitioner] used to have and that he used to take pictures of things like . . . a meal consisting of a single potato and the lights in his cell. And if the Government can extract these photos and send them to the Court, I think that would be useful."). For context, Petitioner himself represented in a *pro se* filing in his criminal prosecution that the partition on the laptop was encrypted with "Bitlocker," and that the encryption was of a type that he asserts is appropriate for highly classified information, and thus may not ever be capable of decryption. *See* Letter,

*United States v. Schulte*, No. 17 Cr. 548 (S.D.N.Y. Sept. 20, 2022), ECF No. 946. It is also Petitioner's belief that "even with the NSA's super computers it will take 10,000 years" to decrypt the drive if it is even possible. *See id.* In any event, this Office has inquired with USAO-SDNY, and was informed that USAO-SDNY was not able to access the encrypted drive, and the USAO-SDNY has not been able to retrieve the photographs referred to by Petitioner (assuming that they exist).

The Government also briefly notes that at the evidentiary hearing, counsel for MDC Brooklyn represented that inmates in general population do not have access to tablets on their commissary list. This Office was recently informed that while this was true on the date of the hearing, tablets were made available to general population inmates in early October 2023 (approximately four weeks after the date of the hearing).

Respondent thanks the Court for its consideration of this matter.

        Respectfully submitted,

        BREON PEACE
        United States Attorney

By:    /s/ *David A. Cooper*
        DAVID A. COOPER
        Assistant U.S. Attorney
        (718) 254-6228
        david.cooper4@usdoj.gov

cc:    **By ECF**
      Keegan Stephan (*Counsel for Petitioner*)