# BELDOCK LEVINE & HOFFMAN LLP
## 99 PARK AVENUE, PH/26TH FLOOR
### NEW YORK, N.Y. 10016

JONATHAN MOORE
DAVID B. RANKIN
LUNA DROUBI
MARC A. CANNAN
CYNTHIA ROLLINGS
JONATHAN K. POLLACK
HENRY A. DLUGACZ
STEPHEN J. BLUMERT
MYRON BELDOCK (1929-2016)
LAWRENCE S. LEVINE (1934-2004)
ELLIOT L. HOFFMAN (1929-2016)

TEL: (212) 490-0400
FAX: (212) 277-5880
WEBSITE: blhny.com

COUNSEL
BRUCE E. TRAUNER
PETER S. MATORIN
KAREN L. DIPPOLD
MARJORY D. FIELDS
EMILY JANE GOODMAN
(JUSTICE, NYS SUPREME COURT, RET.)
FRANK HANDELMAN

REF: 899.701

WRITER'S DIRECT DIAL:
**(212) 277-5820**
**kstephan@blhny.com**

December 11, 2023

**VIA ECF**

The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

      Re:    *Schulte v. Warden of MDC*, 22-CV-766 (E.D.N.Y.)
            **Schulte Declaration and Oral Argument**

Dear Judge Komitee:

      My name is Keegan Stephan and I represent Petitioner in the above-captioned matter. (*See* Notice of Appearance, Dkt. 46.) On December 8, 2023, Respondent filed all of the parties' outstanding submissions. (*See* Dkts. 50–52.) I write for two reasons: (1) to update the Court on the status of obtaining Mr. Schulte's signature on his declaration (*see* Declaration of Keegan Stephan, Dkt. 52-1), and (2) to add information to Petitioner's request for oral argument (*see* Petitioner's Supplemental Submission, Dkt. 50-1.)

      As to the first issue, I returned to the MDC on Monday, November 20, 2023, and attempted to pass Mr. Schulte his declaration so that he could sign it. Staff at the MDC, however, informed me that I could not hand my client his own declaration to sign. Notably, the 2023 SAMs specifically permit Mr. Schulte's attorneys to provide him with documents related to his cases during visits. (*See* 2023 SAMs, Dkt. 52-2, ¶ 2.g.) Furthermore, in May 2023, after an inquiry by Judge Furman, the MDC informed the court that it would, "in the near future," make arrangements with the staff so that Mr. Schulte could exchange documents with his then standby counsel. (Order, *United States v. Schulte*, 17-CR-548 (S.D.N.Y.), ECF. No. 1044.) Nevertheless, on November 20, 2023, the MDC did not allow me to hand Mr. Schulte his declaration. As a result, I still do not have a signed copy of his declaration to file with the Court. While at the MDC on November 20, 2023, I deposited the unsigned declaration in the mail drop for the facility with instructions for

Mr. Schulte to sign it and send it back to me as soon as he receives it. I still have not received a signed copy. To my knowledge, Mr. Schulte still has not received the unsigned copy. As soon as I receive the signed copy, I will file it with the Court. In the meantime, I respectfully request that the Court consider the unsigned copy in conjunction with the pending habeas petition. As detailed in my declaration, I have read the contents of the declaration to Mr. Schulte and he has declared to me that they are true and correct. (Declaration of Keegan Stephan, Dkt. 52-1.)

As to the second issue, consistent with the Court's Individual Rules and Practices, Petitioner requested oral argument on the present petition by noting "Oral Argument Requested" on the top right corner of his supplemental submission. (*See* Judge Eric Komitee Individual Rules and Practices ¶ III.E.1; Petitioner's Supplemental Submission, Dkt. 50-1.) Also consistent with the Court's Individual Rules and Practices, Petitioner now notes that Petitioner's attorney who would argue the petition—Keegan Stephan—has five years or less experience as a licensed attorney. (*See* Judge Eric Komitee Individual Rules and Practices ¶ III.E.2.) Furthermore, Petitioner believes that oral argument is particularly appropriate with respect to several of the issues raised in present submission—specifically whether there is still any basis for the imposition of the SAMs and whether this Court has jurisdiction to modify or vacate them. (*See* Petitioner's Supplemental Submission, Dkt. 50-1, at 15; Respondent's Proposed Findings of Fact and Conclusions of Law, Dkt. 50-1, at 26.)

Petitioner thanks the Court for its attention to this matter.

Sincerely,

Keegan Stephan, Esq.
*Associate*

cc: David Cooper (via ECF)