

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

December 28, 2023

**By ECF**
The Honorable Eric R. Komitee
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re:   *Joshua Adam Schulte v. Warden of Metro. Detention Ctr.*,
             Civ. Action No. 22-cv-766 (Komitee, J.)

Dear Judge Komitee:

      This Office represents Respondent Warden of the Metropolitan Detention Center ("MDC Brooklyn") in the above-referenced action in which Petitioner Joshua Adam Schulte, who is currently incarcerated at MDC Brooklyn, has filed a habeas corpus petition ("Petition") pursuant to 28 U.S.C. § 2241. ECF No. 1. For the reasons set forth below, the Government respectfully proposes that this Office will file written submissions on the public docket sheet that addresses the reasons for the imposition of the Special Administrative Measures ("SAMs") applicable to the petitioner. Additionally, for the reasons set forth below, the Government respectfully proposes that the January 9, 2024 hearing date be converted into a date by which written submissions will be filed by the Court and available for review by Petitioner's counsel. The parties have conferred, and Petitioner's counsel consents to proceeding this way on the condition that Petitioner be permitted to file a response within one week of the Government's filing if counsel believes that a response is warranted.

      By way of background, on December 18, 2023, the Court held oral argument on the Petition and inquired as to the basis for the continued imposition of Special Administrative Measures ("SAMs").[1] Specifically, the Court expressed concern that "the [Special Administrative Measures] were . . . re-authorizing themselves at this point," and it was unclear as to whether the U.S. Department of Justice ("DOJ") was "making a particularized assessment of the extent to which the facts have changed." *See* Oral Arg. Tr. 18:24-19:9. At the time these questions were posed, this Office anticipated that the Government would need to provide this information to the Court using

---

[1] The Government notes, however, that the Petition expressly disclaims any challenge to the SAMs. *See* Pet. at 16; *cf. Dorsey v. Irvin*, 56 F.3d 425, 426-27 (2d Cir. 1995) (declining to consider on appeal claims not previously raised in a habeas petition). Moreover, Petitioner has not alleged that he has exhausted his administrative remedies with respect to any challenges to the SAMs. *See United States v. Yousef*, 327 F.3d 56, 165 (2d Cir. 2003) ("Yousef must exhaust his administrative remedies under the Bureau of Prisons Administrative Remedy Program with regard to whatever special administrative measures are imposed upon him.").

Case 1:22-cv-00766-EK  Document 57  Filed 12/28/23  Page 2 of 2 PageID #: 1286

*Schulte v. Warden of Metro. Detention Ctr.*, No. 22-cv-766 (Komitee, J.)
Page 2

(at minimum) a sealed courtroom. *See* Oral Arg. Tr. 19:10-16. To that end, the Court scheduled a hearing for January 9, 2024 at 10:30 a.m., and contemplated that it may take place in a classified setting in a specialized conference room at the courthouse. *See* Oral Arg. Tr. 22:20-23:8. The Court also directed the Government to propose logistics for such a hearing by December 28, 2023. *See* Dec. 21, 2023 Minute Entry.

This Office has consulted with the U.S. Attorney's Office for the Southern District of New York ("USAO-SDNY"), which is handling Petitioner's criminal prosecution, to determine the best way to provide the requested information to the Court. Following this consultation, this Office respectfully proposes that, in lieu of a hearing that will take place in a classified setting, the Court convert the January 9, 2023 hearing date into a date by which the Government will file written submissions with the Court that will address the reasons for the imposition of the SAMs and the renewal of the SAMs in October 2023. These substantive written submissions will be prepared by USAO-SDNY, will not need to be filed under seal or *ex parte*, and can thus also be made available to counsel for Petitioner.

The Government proposes proceeding in this manner for several reasons. First, the focus of the Court's inquiry at the December 18 hearing was whether the Government has articulated a legitimate reason for renewing the SAMs, and the written submissions will be tailored to address this inquiry. *Cf. also* Oral Arg. Tr. 26:2-4 ("The government's statements of why they knew this are going to be the primary source."). Second, counsel for Petitioner may not be able to participate meaningfully in a classified hearing as he does not have the requisite security clearance, *see* Oral Arg. Tr. 21:17-22:1, but he would be able to access the publicly available filings that outline the basis for renewed SAMs. Third, proceeding with written submissions instead of a sealed hearing would avoid creating any tension with either the public's First Amendment presumptive right of access or the qualified common-law right of access, as the information submitted by the Government will be available on the public docket. *Cf. Newsday LLC v. Cnty. of Nassau*, 730 F.3d 156, 163-65 (2d Cir. 2013); *In re N.Y. Times Co.*, 828 F.2d 110, 114 (2d Cir. 1987).

Respondent thanks the Court for its consideration of this matter.

Respectfully submitted,

BREON PEACE
United States Attorney

By: /s/ *David A. Cooper*
DAVID A. COOPER
Assistant U.S. Attorney
(718) 254-6228
david.cooper4@usdoj.gov

cc: **By ECF**
Keegan Stephan (*Counsel for Petitioner*)